# COMMON PLEAS COURT

## No. 103
### ABRAHAMS v. BEAMAN, Aud.
Hamilton Common Pleas

Decided April 23, 1926

480. EVIDENCE—An adjudication in a prosecution under the prohibition laws is not admissible in a subsequent civil action brought by the auditor to recover an assessment for trafficking in intoxicating liquors under 6071 GC., with the possible exception of a plea of guilty in the criminal proceedings.

DARBY, J.

Abrahams commenced his action to restrain Beaman from collecting an assessment in the form of a tax for trafficking intoxicating liquors under 6071 GC. The case came up for trial and Abrahams offered evidence to show that he was not at the time covered by the assessment, engaged in the business charged. Thereupon Beaman offered in evidence the record of a Mayor's Court where Abrahams was convicted of the charge of keeping a place where intoxicating liquors were sold in violation of 13195 GC. Objection was taken to this evidence and the court reserved its decision until the conclusion of all the evidence.

Thereupon Abrahams offered in evidence the transcript of the record of the Cincinnati Municipal Court where he was acquitted of the same charge on the same evidence. Beaman objected and the court reversed its ruling until final determination. In deciding the case, the Hamilton Common Pleas held:

1. The overwhelming weight of authority sustains the position that an adjudication in a criminal case is inadmissible in a subsequent civil action, even though between the same parties.

2. The only exception, and it is not an exception to the rule of non-mutuality of civil and criminals—is where there is a plea of guilty, and even in such case it is not conclusive on defendant and is received only on the basis of any other admissions in or out of court.

3. Evidence offered by Abrahams that he was not engaged in trafficking intoxicating liquors was met only by the record of the case in the Mayor's court. In weighing the evidence, the preponderance thereof is in favor of Abrahams.

4. It follows therefore that Abrahams is entitled to a permanent injunction.

Judgment accordingly.

Attorneys—F. E. Wood and E. M. Powers for Abrahams; Sylvester Hickey for Beaman; all of Cincinnati.